UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK BURDETT PYLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLEN COUNTY SHERIFF'S DEPT., et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-02940-TLN-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE<br><br>(ECF No. 2) |

Plaintiff Erik Burdett Pyle is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit is inconsistent and insufficient.

I.  **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the
2  litigant must submit an affidavit that includes a statement of all assets they possess.
3  28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the
4  fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the
5  applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F.
6  App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th
7  Cir. 1981) (an affidavit claiming poverty in support of a motion made under
8  28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and
9  certainty").

10  **II.    DISCUSSION**

11      Plaintiff's IFP application indicates he receives $0 in pay or wages and has had
12  no other income during the past 12 months. ECF No. 2 at 1 ¶ 3. Plaintiff further avers he
13  has $0 in his checking or savings account. *Id*. at 2 ¶ 4. Plaintiff answers "none" when
14  answering whether: Plaintiff owns "any automobile, real estate, stock, bond, security,
15  trust, jewelry, art work, or other financial instrument or thing of value;" Plaintiff has "[a]ny
16  housing, transportation, utilities, or loan payments or other regular monthly expenses;"
17  Plaintiff provides support to "persons who are dependent on [him] for support" and how
18  much Plaintiff contributes to their support; and Plaintiff has "[a]ny debts or financial
19  obligations." *Id*. at 2 ¶¶ 5-8. However, in Plaintiff's Complaint, Plaintiff indicates he owns
20  a "farm" and/or "ranch." Compl. at 11-12 (ECF No. 1). In light of Plaintiff's statement
21  regarding his real property ownership in the Complaint, the Court finds that Plaintiff's
22  affidavit is inconsistent and insufficient to support a finding that he can proceed in forma
23  pauperis at this time. *See Strojnik v. Panera Bread Company, 2022 WL 2287274*, at *3
24  (E.D. Cal. June 24, 2022) (inconsistencies between plaintiff's IFP application and the
25  complaint), report and recommendation adopted, 2022 WL 2609456 (E.D. Cal. July 8,
26  2022). Because Plaintiff may have erred in filling out his affidavit, the Court will provide
27  Plaintiff an opportunity to file an amended IFP application. Accordingly, the Court will
28  deny without prejudice Plaintiff's application to proceed IFP due to his failure to meet his

burden based on his deficient affidavit. *See Williams*, 443 F. App'x at 233.

**III.     CONCLUSION**

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice; and

2. Plaintiff may file his renewed IFP application within thirty (30) days from the date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

Dated:  April 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, pyle2940.24