UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK PYLE,<br><br>          Plaintiff,<br><br>     v.<br><br>GLENN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>          Defendants. | Case No. 2:24-cv-02940-TLN-CSK<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO EFILE<br><br>(ECF No. 23)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT GLENN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS<br><br>(ECF No. 18) |

Pending before the Court is Defendant Glenn County Sheriff's Department's motion to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 18, 21, 22.) Pursuant to Local Rule 230(g), the Court submitted the motion without appearance and without argument and vacated the September 9, 2025 hearing. 8/19/2025 Order (ECF No. 20). Plaintiff has also filed a motion to electronically file documents. (ECF No. 23.) For the reasons that follow, the Court ORDERS that Plaintiff's motion to electronically file documents is GRANTED IN PART AND DENIED IN PART. The Court further recommends GRANTING Defendant's motion to dismiss the FAC with leave to amend.

///

1

## I. BACKGROUND

### A. Facts[1]

Plaintiff alleges on June 8, 2024, "approximately ten deputies from the Glenn County Sherriff's Department and Orland police department responded to Plaintiff's location" based on false accusations reported by Plaintiff's ex-wife. FAC ¶¶ 11-13. Plaintiff alleges "Deputies approached [Plaintiff] with high-powered firearms, escalated the encounter, [ ] arrested Plaintiff without a warrant or probable cause[,]" and used excessive force to detain him. *Id*. ¶¶ 14, 16. Prior to being detained, Plaintiff alleges "Defendants Main Chief shouted, 'When are you going to get enough of this woman after 30 years?'" *Id*. ¶ 15. Plaintiff was then transported and held in jail in inhumane conditions, "including a non-functional and unsanitary toilet, a cold cell with no clothing or blanket, and a foul odor of human waste throughout." *Id*. ¶ 18. Plaintiff further alleges he was "denied medical care, phone access and legal counsel" and was "never promptly informed of his charges." *Id*. ¶¶ 18-19.

### B. Procedural Posture

On October 25, 2024, Plaintiff filed his initial complaint and sought leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Prior to the screening of Plaintiff's initial complaint, Defendants Glenn County Sheriff's Department, Glenn County Board of Supervisors, and Orland Police Department filed a motion to dismiss the entire complaint on November 19, 2024. (ECF No. 3.) On November 22, 2024, the Court issued a minute order denying Defendants' motion as premature due to the Court's mandatory prerequisite screening process pursuant to 28 U.S.C. § 1915. 11/22/2024 Order (ECF No. 7). On April 25, 2025, the Court issued an order denying Plaintiff's IFP request without prejudice to refiling a renewed IFP request

---

[1] These facts primarily derive from the First Amended Complaint (ECF No. 17), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

within thirty (30) days of the order. 4/25/2025 Order (ECF No. 8). On May 9, 2025, Plaintiff paid the filing fee.

On May 28, 2025, Defendants Glenn County Sheriff's Department, Glenn County Board of Supervisors, and Orland Police Department filed a motion to dismiss the entire complaint and noticed it for a hearing for July 8, 2025 before the undersigned. (ECF No. 12.) Plaintiff did not file an opposition or statement of non-opposition to the motion. *See* Docket. On June 17, 2025, the Court issued a minute order directing Plaintiff to show cause why the Court should not construe Plaintiff's failure to file a timely opposition as a non-opposition to Defendants' motion and why this case should not be dismissed for failure to prosecute. 6/17/2025 Order (ECF No. 14). The Court also continued the hearing on the motion to dismiss to July 22, 2025. *Id.* On June 23, 2025, Plaintiff filed a response to the Court's June 17, 2025 Order, requesting leave to file an amended complaint pursuant to Federal Rules of Civil Procedure 15(a)(2). (ECF No. 15.) On June 27, 2025, the Court issued a minute order granting Plaintiff's request to file an amended complaint for good cause pursuant to Federal Rule of Civil Procedure 15; granting Plaintiff twenty-one (21) days to file an amended complaint; denying Defendants Glenn County Sheriff's Department, Glenn County Board of Supervisors, and Orland Police Department's motion to dismiss as moot; and vacating the hearing on the motion. 6/27/2025 Order (ECF No. 16).

On July 14, 2025, Plaintiff filed the operative FAC. *See* FAC. The FAC alleges three causes of action against Defendants Glenn County Sheriff's Department, Orland Police Department, and Does 1-10 for: (1) unlawful arrest and detention in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) excessive force pursuant to 42 U.S.C. § 1983; and (3) inhumane jail conditions in violation of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. FAC at 4-5. For relief, Plaintiff seeks monetary damages and injunctive relief. *Id*. at 5. On July 31, 2025, Defendant Glenn County Sheriff's Department filed the instant motion to dismiss, setting it for a

///

3

September 9, 2025 hearing before the undersigned.[2] (ECF No. 18). Plaintiff did not respond to the motion. *See* Docket. On August 19, 2025, the Court took Defendant's motion under submission and vacated the hearing. 8/19/2025 Order (ECF No. 20). Plaintiff filed a late opposition on August 20, 2025. Pl. Oppn (ECF No. 21). On August 28, 2025, Defendant filed its reply and on August 29, 2025, Plaintiff filed a sur-reply. (ECF Nos. 22, 24.)

## II.   LEGAL STANDARDS

### A.   Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.   Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

---

[2] It is not clear to the Court why the pending motion to dismiss was only filed by Defendant Glenn County Sheriff's Department, even though counsel represents Defendant Glenn County Sheriff's Department and Defendant Orland Police Department. *See* Docket; *see generally* Def. Mot. (ECF No. 18-1). In the pending motion, Defendant Glenn County Sheriff's Department states the FAC names Defendant Orland Police Department as a defendant, but that "nowhere in Plaintiff's FAC does he identity any claim or allegations against the City of Orland or its police department." Def. Mot. at 1 fn. 1. This is incorrect.

theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 171.

**III.    DISCUSSION**

Defendant Glenn County Sheriff's Department moves to dismiss the entire FAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Mot. (ECF No. 18-1). Prior to addressing Defendant's motion to dismiss, the Court first addresses Plaintiff's late opposition and sur-reply.

**A.    Plaintiff's Late Opposition**

Defendant's motion to dismiss the FAC was filed on July 31, 2025, making Plaintiff's opposition due on August 14, 2025. *See* Def. Mot; *see also* E.D. Cal. Local Rule 230(c). Plaintiff filed his opposition to the motion on August 20, 2025. Pl. Oppn. Defendant argues in its reply that because Plaintiff's opposition is untimely, its motion should be deemed unopposed and granted. *Id.* at 2. Defendant was able to respond to Plaintiff's late opposition. *See* Def. Reply (ECF No. 22). In light of Plaintiff's pro se status and Defendant's response to the opposition, the Court will consider Plaintiff's late opposition in its review of Defendant's motion. Plaintiff is cautioned, however, that failing to comply with court-imposed deadlines in the future may result in sanctions, including the striking of an untimely filing.

**B.    Plaintiff's Sur-Reply and Generative AI Use Warning**

On August 29, 2025, Plaintiff filed a sur-reply without seeking or receiving leave of court to do so. (ECF No. 24.) Plaintiff did not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendant's reply did not raise any new arguments or evidence that would

5

justify granting a request to file a sur-reply. The Court therefore declines to consider Plaintiff's sur-reply.

The Court notes that Plaintiff's sur-reply appears to have used generative artificial intelligence ("AI") or some other tool as the sur-reply includes prompts and responses to prompts. (*See* ECF No. 24 at 3, 7.) Federal Rule of Civil Procedure 11 applies to <u>all</u> parties, including parties such as Plaintiff who are proceeding without an attorney. *See* Fed. R. Civ. P. 11. Though the Court has not issued an order prohibiting the use of generative AI by parties in its pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, Rule 11 still applies and he is responsible to ensure that any pleading or filing submitted to the court: "(1) [] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b).

This means that pleadings and filings that include "hallucinations" from the use of generative AI (i.e., made up facts or legal authority) can violate Rule 11. Plaintiff is further warned that a violation of Rule 11 can result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(c).

**C.    Motion to Dismiss**

Defendant Glenn County Sheriff's Department moves to dismiss the entire FAC for failure to allege sufficient facts to support a claim. Def. Mot. at 3-5. Defendant indicates that Plaintiff has not sued any named individuals and therefore, must be

proceeding on a *Monell*[3] theory to impose municipal liability. *Id.* at 3. Even if proceeding under a *Monell* theory, Defendant argues Plaintiff has failed to allege any facts to identity or support an unconstitutional custom, policy or practice by Defendant. *Id*. at 5.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. *See also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the

---

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

7

particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the FAC fails to state a claim under Section 1983. First, the FAC does not contain specific allegations against a named individual defendant showing their connection or involvement to Plaintiff's alleged violations as required to bring a Section 1983 claim against individual defendants. *See Hansen*, 885 F.2d at 645; *Johnson*, 588 F.2d at 743-44. Second, the FAC does not contain specific allegations to support a *Monell* claim against municipal defendants. *See generally* FAC. The FAC makes conclusory allegations and does not allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendants Glenn County Sheriff's Department and Orland Police Department's "execution of a government's policy or custom" as required. *Monell*, 436 U.S. at 694. Accordingly, the Court finds the FAC should be dismissed.

### D. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its

deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state a *Monell* claim pursuant to Section 1983 against Defendants Glenn County Sheriff's Department and Orland Police Department, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez,* 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure if it appears at all possible the defects can be corrected). Plaintiff will be provided an opportunity to amend his amended complaint to the extent he can allege facts that sufficiently plead his claims. To bring a *Monell* claim, Plaintiff must allege specific facts demonstrating the constitutional violations Plaintiff alleges resulted from Defendants Glenn County Sheriff's Department and Orland Police Department's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694. Plaintiff is warned that conclusory allegations are insufficient to state a claim for relief pursuant to Section 1983. Therefore, the Court recommends Defendant's motion to dismiss be granted and that the FAC be dismissed with leave to amend.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "Second Amended Complaint."

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

### IV. PLAINTIFF'S MOTION TO EFILE

Plaintiff also seeks leave to electronically file documents using the Court's CM/ECF system. (ECF No. 21.) Plaintiff requests e-filing privileges to promote efficiency, reduce time and costs associated with paper filing, and to facilitate easier access to the case docket. *Id.* at 2. The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion does not provide good cause for deviance from this Local Rule. Therefore, Plaintiff's motion is denied with respect to utilizing the CM/ECF system to file documents. Plaintiff will continue to file paper documents with the Court through conventional means.

The motion is granted, however, with respect to electronic service of documents. The Clerk is directed to configure Plaintiff's account so that Plaintiff will receive immediate email notifications when documents are filed in the case. Plaintiff consents to receive service of documents electronically and waives the right to receive service by

first class mail pursuant to Federal Rules of Civil Procedure 5(b)(2)(D).

## V.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion to e-file (ECF No. 23) is GRANTED IN PART AND DENIED IN PART. The Clerk of the Court is directed to configure Plaintiff's account so that Plaintiff will receive immediate email notifications when documents are filed in this case.

Further, based upon the findings above, it is HEREBY RECOMMENDED that:

1. Defendant Glenn County Sheriff's Department's motion to dismiss (ECF No. 18) be GRANTED;
2. Plaintiff be granted thirty (30) days from any order adopting these findings and recommendations to file a Second Amended Complaint consistent with the Court's order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 14, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, pyle2940.24