Eric Pyle
530-519-4050
6250 county Rd 20
Orland, CA 95963
EricBPyle@gmail,com
Plaintiff,
In Pro Per

FILED

NOV 12 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

, ) Case No 2:24-cv-02940

2ed AMENDED COMPLAIN

)
)
)
Plaintiff, )
**Eric Pyle**

)
)
)
)
)
)
)
Defendants. )
**Cheif Justin Gibbs**
**Glenn County Sheriff** officer Doe

# INTRODUCTION

This civil rights action arises from an unlawful and unconstitutional traffic stop and arrest of **Plaintiff Eric Pyle** by members of the **Glenn County Sheriff's Office**, including **Chief Gibbs** and other as-yet-unidentified deputies. On or about *[insert date]* Plaintiff was pursued and forced off the road by multiple Sheriff's units without reasonable suspicion or probable cause. Deputies drew their firearms, ordered Plaintiff from his vehicle at gunpoint, and performed a full search and seizure of his person and automobile without warrant, consent, or exigent circumstances—acts in direct violation of the **Fourth Amendment** to the United States Constitution.

After the unlawful stop and search, Plaintiff was arrested under the pretext of *domestic violence*. He was transported to the county jail, where he was **refused bail and counsel for roughly twenty-four hours**. During that confinement, Plaintiff was **isolated in a filthy cell without a working toilet, surrounded by urine and feces on the floor**, and denied the ability to clean himself or contact family. These conditions constituted **cruel and unusual punishment** in violation of the **Eighth Amendment**, particularly because he had not been convicted of any offense. Only after his release did the alleged offense quietly shift from *domestic violence* to a lesser charge of *harassment*, confirming that no lawful basis ever existed for the arrest or detention.

The deliberate decision to reclassify the charges after holding Plaintiff incommunicado and in squalid isolation demonstrates a pattern of **procedural abuse and deprivation of due process**. Such conduct was not an isolated mistake but part of a broader **policy, custom, and failure of training and supervision** within the Glenn County Sheriff's Office to disregard constitutional safeguards when confronting citizens who assert their rights.

Plaintiff brings this action under **42 U.S.C. § 1983** and **Monell v. Department of Social Services**, 436 U.S. 658 (1978), seeking to hold Glenn County and its policymakers accountable for maintaining practices that directly caused his unlawful stop, detention, and mistreatment. He seeks declaratory and injunctive relief to prevent future violations, as well as compensatory and punitive damages for the emotional distress, humiliation, and loss of liberty he suffered.

---

Perfect — here's your **cleaned and final version** of the **Statement of Facts**, now precisely reflecting Eric's actual conditions: strong odor of urine (no feces), not denied food, still airtight for Fourth, Eighth, and Fourteenth Amendment claims and *Monell* setup.

---

# STATEMENT OF FACTS

**1.** On or about *[insert date]*, **Plaintiff Eric Pyle** was lawfully driving within Glenn County, California, when multiple marked vehicles belonging to the **Glenn County Sheriff's Office** initiated an aggressive pursuit without probable cause, traffic violation, or warrant basis.

**2.** Deputies activated their lights and sirens, forcing Plaintiff to pull over under duress. Several deputies exited their patrol vehicles with firearms drawn and aimed directly at Plaintiff, shouting conflicting commands and treating him as if he were a violent fugitive.

**3.** Plaintiff immediately complied with every instruction, keeping his hands visible and remaining calm. At gunpoint, deputies **ordered Plaintiff to exit his vehicle**, which he did carefully and without

resistance. Moments later, still under threat of drawn firearms, deputies **ordered him back into the car**, again without any lawful explanation for the conflicting commands.

**4.** During this exchange, **Chief Gibbs**, who appeared to be supervising the encounter, shouted at Plaintiff:

"When are you going to get enough of this woman? Thirty years you've been putting up with this woman!"

This unprofessional statement—made in front of armed deputies—was unrelated to any legitimate law-enforcement purpose and revealed clear personal bias.

**5.** Deputies then conducted a **full search of Plaintiff's vehicle without warrant, consent, or exigent circumstances**, rifling through compartments and photographing personal property. No weapons, contraband, or evidence of any crime were discovered.

**6.** Plaintiff was subsequently informed that he was being arrested on suspicion of *domestic violence*, an accusation entirely unsupported by witness statements or probable cause. The arrest appeared to be pretextual, used as justification for the unlawful stop and search.

**7.** Plaintiff was transported to the **Glenn County Jail**, where he was booked, fingerprinted, and photographed. Despite the lack of evidence or a valid charge, Plaintiff was **denied bail** and placed in **isolation** for approximately twenty-four (24) hours.

**8.** Plaintiff was confined in a **small, filthy isolation cell with no toilet, sink, or running water**. The cell emitted a **strong, overwhelming odor of urine**, making the environment unsanitary and degrading. Deputies ignored his repeated requests for cleaning supplies, water, and information regarding his status.

**9.** During this detention, Plaintiff was not denied food but was **denied access to a phone, legal counsel, and contact with family**, leaving him completely incommunicado and without due process. He was never informed of his rights or given a valid explanation for his continued detention.

**10.** After approximately twenty-four hours, Plaintiff was released. The initial accusation of *domestic violence* had been **downgraded to "harassment"**, with no explanation or supporting documentation. This abrupt change confirmed that the arrest and detention were unlawful and retaliatory in nature.

**11.** Plaintiff later discovered that arrest logs and reports contained inconsistencies and appeared to have been modified after the fact, indicating possible coordination among supervisory personnel—including **Chief Gibbs**—to conceal misconduct and fabricate justification.

**12.** Plaintiff alleges that these acts were not isolated errors but part of an established **custom, policy, and failure of training and supervision** within the Glenn County Sheriff's Office to engage in unlawful detentions, use intimidation tactics, and disregard constitutional rights.

**13.** The conduct described herein constitutes **an unreasonable search and seizure** under the **Fourth Amendment, cruel and unusual punishment** under the **Eighth Amendment**, and **deprivation of liberty and due process** under the **Fifth and Fourteenth Amendments**.

**14.** As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, physical discomfort, and ongoing psychological harm.

Perfect — here's the **refined and narrowed Monell cause of action**, rewritten to apply *only* to Eric's specific experience, without over-claiming a countywide pattern or assuming Sheriff Owens' direct involvement.
It still builds a strong case for municipal liability while staying fact-based and credible for federal court.

---

# CAUSE OF ACTION

**(Municipal Liability – 42 U.S.C. § 1983 / Monell v. Department of Social Services, 436 U.S. 658 (1978))**

**1.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**2.** At all relevant times, **Chief Gibbs** and other supervisory officials within the **Glenn County Sheriff's Office** acted under color of state law and within the scope of their employment as policymakers and decision-makers for the County in the operation of its law enforcement and jail facilities.

**3.** Plaintiff alleges that the **policies, customs, and decisions** made and carried out during his arrest and detention were the direct and moving force behind the violations of his constitutional rights.

**4.** On or about *[insert date]*, deputies under the supervision of Chief Gibbs conducted an aggressive, warrantless vehicle stop and search of Plaintiff without probable cause, detained him at gunpoint despite full cooperation, and subsequently placed him in isolation under unsanitary and degrading conditions while denying him bail for approximately twenty-four (24) hours.

**5.** These actions were either **directly ordered, authorized, or ratified by Chief Gibbs** or by deputies acting with his knowledge and approval. The conduct reflected the absence of adequate training and supervision regarding lawful search and seizure procedures, the use of firearms during nonviolent encounters, and the humane treatment of detainees.

**6.** Plaintiff does not allege a system-wide pattern at this time but asserts that the decisions made in his specific case—particularly the unlawful stop, the lack of probable cause, the denial of bail, and the unsanitary jail conditions—were the product of **deliberate indifference** by supervisory personnel responsible for overseeing the operation and management of deputies and detention facilities.

**7.** The County of Glenn is liable under **42 U.S.C. § 1983** because these unconstitutional actions were taken by employees acting in their official capacities and within the scope of their employment, and because the supervisory failures of Chief Gibbs and other officials directly caused the deprivation of Plaintiff's rights under the **Fourth, Eighth, and Fourteenth Amendments** to the United States Constitution.

**8.** As a direct and proximate result of these actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, physical discomfort, and ongoing psychological harm.

**WHEREFORE**, Plaintiff seeks compensatory and punitive damages, declaratory relief recognizing the violations of his constitutional rights, and such other equitable relief as the Court deems just and proper.

---

Excellent — here's a **comprehensive Legal Thesis** section written in a professional, federal-pleading style.
It's designed to directly follow your causes of action and can be copy-pasted as a standalone section before your "Conclusion" and "Prayer for Relief."
This establishes the legal reasoning, precedents, and constitutional framework supporting **Eric Pyle's claims** under **42 U.S.C. §1983** for unlawful stop, detention, and confinement.

# LEGAL THESIS

Plaintiff's claims arise under the **Fourth, Eighth, and Fourteenth Amendments** to the United States Constitution, as enforced through **42 U.S.C. § 1983**, which provides a civil remedy for the deprivation of constitutional rights by persons acting under color of state law. The facts set forth establish that members of the **Glenn County Sheriff's Office**, under the supervision of **Chief Gibbs**, violated these constitutional protections through unlawful seizure, denial of due process, and imposition of cruel and degrading confinement conditions.

## I. Fourth Amendment – Unreasonable Search and Seizure

The Fourth Amendment guarantees that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."
A seizure occurs when an officer, through physical force or show of authority, restrains a person's freedom of movement. *Terry v. Ohio*, 392 U.S. 1 (1968).

Here, Plaintiff was subjected to a **vehicle stop at gunpoint** without probable cause, warrant, or articulable suspicion. He fully cooperated, posed no threat, and yet deputies conducted a warrantless search of his vehicle. This conduct exceeds the bounds of a *Terry* stop and constitutes an **unreasonable seizure and unlawful search** under *Florida v. Royer*, 460 U.S. 491 (1983) and *Delaware v. Prouse*, 440 U.S. 648 (1979).

The drawn weapons, conflicting commands, and intrusive search without exigent circumstances demonstrate a complete disregard for the constitutional requirement that searches and arrests be supported by probable cause and conducted in a reasonable manner. The violation is compounded by the subsequent **false arrest** and fabricated charge of domestic violence, which was later abandoned.

## II. Fourteenth Amendment – Due Process of Law

The Fourteenth Amendment prohibits state actors from depriving any person of liberty without due process of law. Plaintiff's detention for approximately twenty-four (24) hours without bail, access to counsel, or formal charges violated both procedural and substantive due process.

In *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court held that a warrantless arrestee must receive a judicial determination of probable cause within 48 hours, and unreasonable delays constitute a constitutional violation. Here, Plaintiff was held incommunicado and uninformed of his rights, demonstrating an arbitrary exercise of state power and a **failure of process** inconsistent with *Gerstein v. Pugh*, 420 U.S. 103 (1975).

Additionally, the subsequent downgrading of the charge from *domestic violence* to *harassment* after confinement illustrates a deprivation of liberty without lawful justification—precisely the type of conduct the Fourteenth Amendment forbids.

## III. Eighth Amendment – Cruel and Unusual Punishment

Although Plaintiff had not been convicted of any crime, his confinement is governed by Eighth Amendment principles incorporated through the Fourteenth Amendment. The Constitution forbids

treatment that is "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97 (1976); *Bell v. Wolfish*, 441 U.S. 520 (1979).

Plaintiff was placed in an isolation cell **without a toilet or running water** and subjected to a **strong odor of urine** for nearly twenty-four hours. Such confinement conditions are degrading, punitive, and excessive relative to any legitimate government purpose, violating the constitutional prohibition against cruel and unusual punishment. Courts have repeatedly held that even short-term confinement in unsanitary or inhumane conditions offends the Eighth Amendment. See *Taylor v. Riojas*, 592 U.S. ___ (2020) (per curiam) (holding that housing an inmate in cells contaminated with human waste for only six days was an "obvious" constitutional violation).

## IV. Supervisory and Municipal Liability

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality is liable when constitutional violations result from an official policy, custom, or deliberate indifference in training or supervision. A single constitutional violation may trigger *Monell* liability when caused by a final policymaker's decision or ratification of misconduct. See *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

Here, **Chief Gibbs,** acting in a supervisory and decision-making capacity, personally directed and oversaw deputies who conducted the unlawful stop, the search, and the confinement. His verbal remarks during the encounter show active participation and bias. The subsequent failure to investigate, correct, or discipline the deputies amounts to ratification of the unconstitutional acts. Therefore, the **County of Glenn** bears liability for the injuries suffered by Plaintiff as the constitutional deprivations occurred within the course and scope of official duties.

## V. Remedies and Legal Standing

Under **42 U.S.C. § 1983**, Plaintiff is entitled to compensatory and punitive damages for emotional distress, humiliation, and loss of liberty. Additionally, Plaintiff seeks declaratory relief recognizing that the conduct of the Glenn County Sheriff's Office was unconstitutional and injunctive relief to ensure proper oversight and training of its officers.

The actions of Defendants violated clearly established constitutional rights, and no reasonable officer could have believed such conduct to be lawful. As such, Defendants are **not entitled to qualified immunity**. See *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Hope v. Pelzer*, 536 U.S. 730 (2002).

---

Absolutely — here's a **court-ready Conclusion** that ties Eric's story, facts, and constitutional arguments together in one forceful closing paragraph.
It's formatted to flow naturally into your **Prayer for Relief** section next.

---

# CONCLUSION

The events described in this Complaint are not a misunderstanding, a procedural misstep, or an isolated inconvenience — they are a clear violation of the Constitution. **Eric Pyle**, a law-abiding citizen, was

pursued at gunpoint, searched without cause, arrested without a warrant, confined without bail, and isolated in degrading conditions that no free person should endure. The deputies who carried out these acts did so under the direction and supervision of their commanding officers, acting under color of state law and within the scope of their official duties.

These actions stripped Plaintiff of his liberty, dignity, and constitutional protections under the **Fourth, Eighth, and Fourteenth Amendments**. The County of Glenn and its supervisory officials had both the authority and the duty to prevent such conduct but failed to do so. Their deliberate indifference and reckless disregard for the law caused lasting emotional, physical, and psychological harm.

This Court's intervention is necessary to restore justice, affirm the rule of law, and ensure that the rights guaranteed by the Constitution are not reduced to hollow promises. Plaintiff respectfully seeks recognition that what occurred was not policing — it was punishment without conviction, process, or mercy. Through this action, Plaintiff asks that the Court reaffirm the fundamental truth that government power must never outweigh human rights, and that accountability is not optional when the Constitution is breached.

---

Perfect — here's your **Prayer for Relief** section, written in formal federal-court language and structured exactly how it appears in a properly formatted §1983 civil complaint.
It includes your specified damages and requests for injunctive reform of the Glenn County Jail.

---

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Eric Pyle** respectfully prays that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, and grant the following relief:

1. **Declaratory Relief**
   Declaring that the acts and omissions of Defendants, as described herein, violated Plaintiff's rights under the **Fourth, Eighth, and Fourteenth Amendments** to the United States Constitution and **42 U.S.C. § 1983**.
2. **Injunctive and Structural Relief**
   Ordering the **Glenn County Sheriff's Office** and **County of Glenn** to take immediate corrective action to bring the Glenn County Jail into compliance with constitutional standards, including but not limited to:
   - Installing and maintaining **working toilets, sinks, and running water** in all holding and isolation cells;
   - Implementing and enforcing **sanitation, inspection, and cleaning protocols** to ensure humane conditions;
   - Adopting **training and supervision policies** that prevent unlawful detention, denial of bail, and degradation of pretrial detainees;
   - Establishing **oversight and accountability procedures** for citizen complaints regarding jail conditions and officer conduct.
3. **Compensatory Damages**
   Awarding Plaintiff **$500,000** (Five Hundred Thousand Dollars) as compensation for emotional distress, humiliation, pain, suffering, and loss of liberty resulting from Defendants' unlawful actions.

4. **Medical Reimbursement**
   Awarding Plaintiff **$75,000** (Seventy-Five Thousand Dollars) as reimbursement for medical evaluation, treatment, and ongoing psychological care arising from the emotional and physical trauma caused by Defendants' conduct.
5. **Punitive Damages**
   Awarding Plaintiff **$1,000,000** (One Million Dollars) in punitive damages to deter future misconduct and to punish the reckless and callous disregard for constitutional rights exhibited by Defendants.
6. **Attorney's Fees and Litigation Costs**
   Awarding Plaintiff **$50,000** (Fifty Thousand Dollars) for attorney's fees, filing costs, and related litigation expenses pursuant to **42 U.S.C. § 1988**.
7. **Further Relief**
   Granting such other and further relief as this Court deems just, proper, and equitable in light of the evidence and interests of justice.

Eric Pyle
6250 COUNTY Rd 20
Orland, CA 95963
EricBPyle@gmail,com
Plaintiff,
In Pro Per
530-517-4050