UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK PYLE, | Case No. 2:24-cv-02940-TLN-CSK (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS SHERIFF JUSTIN GIBBS AND GLENN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS |
| v. | |
| CHEIF JUSTIN GIBBS GLENN COUNTY SHERIFF OFFICER DOE,[1] | |
| Defendants. | (ECF No. 42) |

Plaintiff Erik Pyle is proceeding in this action pro se. Pending before the Court is Defendants Sheriff Justin Gibbs (sued as "Cheif [sic] Justin Gibbs") and Glenn County Sheriff's Department's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") (ECF No. 30) pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).[2] (ECF No. 42.) The motion is fully briefed. (ECF Nos. 42, 43, 44, 45.) Pursuant to Local Rule 230(g), the Court submitted the motion without argument and vacated the April 7, 2026 hearing. 3/30/2026 Minute Order (ECF No. 46). For the reasons that follow, the Court recommends GRANTING Defendants' motion to dismiss the SAC without leave to

---

[1]  Defendants are named as they appear on the caption page of Plaintiff's Second Amended Complaint (ECF No. 30). Spelling errors are in the original.

[2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

amend.

I.   BACKGROUND

   A.   Factual Allegations[3]

Plaintiff alleges that on an unspecified date, while Plaintiff was driving in Glenn County, "multiple marked vehicles belonging to the Glenn County Sheriff's Office" pulled over Plaintiff. SAC at 2 ¶ 1 (ECF No. 30).[4] After Plaintiff pulled over, "[s]everal deputies exited their patrol vehicles with firearms drawn and aimed directly at Plaintiff, shouting conflicting commands and treating him as if he were a violent fugitive." *Id.* at 2 ¶ 2. Plaintiff alleges he was ordered out of his vehicle and then almost immediately ordered back in. *Id.* at 2 ¶ 3. Plaintiff alleges that "Chief Gibbs, who appeared to be supervising the encounter, shouted at Plaintiff: 'When are you going to get enough of this woman? Thirty years you've been putting up with this woman!'" *Id.* at 3 ¶ 4. Plaintiff alleges that "Deputies then conducted a full search of Plaintiff's vehicle without warrant, consent, or exigent circumstances." *Id.* at 3 ¶ 5. Plaintiff alleges he was arrested "on suspicion of domestic violence, an accusation entirely unsupported by witness statements or probable cause." *Id.* at 3 ¶ 6. Plaintiff was then allegedly transported and detained "in a small filthy isolation cell with no toilet, sink, or running water" and "a strong, overwhelming odor of urine." *Id.* at 3 ¶ 8. Plaintiff was allegedly "denied access to a

---

[3]   These facts primarily derive from the Second Amended Complaint (ECF No. 30), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). The Court notes that Plaintiff's SAC appears to have been drafted with the help of generative artificial intelligence ("GenAI") or similar tools because it contains apparent GenAI responses to prompts. *See* SAC at 2:19-21, 3:26-28, 4:25-28, 6:22-24, 7:11-13. Of particular concern is an apparent reference to "Sheriff Owens" in one of the responses, who is not named elsewhere in the SAC. *See* SAC at 3:26-27. This raises concerns that the SAC may contain facts that the generative AI "hallucinated," that is, made up. The Court previously warned Plaintiff that a misuse of generative AI that includes hallucinations of facts or legal authority can violate Rule 11. See 10/14/2025 Order and Findings and Recommendations at 6.
[4]   Citations to the SAC refer to page and paragraph numbers where available; otherwise, citations are by page and line numbers.

phone, legal counsel, and contact with family." *Id.* at 3 ¶ 9. Plaintiff was released after about twenty-four hours, and Plaintiff alleges that subsequent arrest reports were altered to indicate he was arrested for "harassment" rather than domestic violence. *Id.* at 3 ¶¶ 10, 11.

**B.      Procedural Posture**

Plaintiff filed the initial complaint on October 25, 2024, naming as defendants Glenn County Sheriff's Department, Glenn County Board of Supervisors, and Orland Police Department. (ECF No. 1.) On May 28, 2025, Defendants Glenn County Sheriff's Department, Glenn County Board of Supervisors, and Orland Police Department filed a motion to dismiss the complaint. (ECF No. 12.) Plaintiff did not file an opposition or statement of non-opposition to the motion. *See* Docket. On June 17, 2025, the Court issued a minute order directing Plaintiff to show cause why the Court should not construe Plaintiff's failure to file a timely opposition as a non-opposition to Defendants' motion and why this case should not be dismissed for failure to prosecute. 6/17/2025 Minute Order (ECF No. 14). On June 23, 2025, Plaintiff filed a response to the Court's June 17, 2025 Order, requesting leave to file an amended complaint pursuant to Federal Rules of Civil Procedure 15(a)(2). (ECF No. 15.) On June 27, 2025, the Court issued a minute order granting Plaintiff's request to file an amended complaint for good cause pursuant to Federal Rule of Civil Procedure 15. 6/27/2025 Minute Order (ECF No. 16).

On July 14, 2025, Plaintiff filed the First Amended Complaint ("FAC"), naming as defendants Glenn County Sheriff's Department, Orland Police Department, and Does 1-10. (ECF No. 17.) On July 31, 2025, Defendant Glenn County Sheriff's Department filed a motion to dismiss the FAC. (ECF No. 18.) After briefing, the Court took the motion under submission. 8/19/2025 Minute Order (ECF No. 20). On October 14, 2025, the undersigned issued Findings and Recommendations recommending that the motion to dismiss be granted with leave for Plaintiff to amend. 10/14/2025 Order and Findings and Recommendations (ECF No. 25). Plaintiff filed objections to these Findings and Recommendations on October 24, 2025. (ECF No. 27.) The district judge adopted the

Findings and Recommendations on November 26, 2025. 11/26/2025 Order (ECF No. 34).

On November 12, 2025, while the October 14, 2025 Findings and Recommendations were still pending before the district judge, Plaintiff filed a notice of voluntary dismissal as to Defendant Orland Police Department and filed the SAC, which names "Cheif [sic] Justin Gibbs Glenn County Sheriff Officer Doe" as Defendants. (ECF Nos. 29, 30.) The SAC appears to allege one cause of action for violation of civil rights under 42 U.S.C. § 1983 based on *Monell* liability. SAC at 4 ¶¶ 1-8. Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 6:16-21, 7:14-28, 8. Because the October 14, 2025 Findings and Recommendations were still pending before the assigned district judge, the Court struck the SAC as premature. 11/25/2025 Minute Order (ECF No. 33). After the district judge adopted the October 14, 2025 Findings and Recommendations, the Court withdrew its November 25, 2025 Order striking Plaintiff's SAC and ordered Defendants to respond to the now-operative SAC within twenty-one days. 2/5/2026 Minute Order (ECF No. 38).

On February 26, 2026, Defendants Sheriff Justin Gibbs and Glenn County Sheriff's Department filed the instant motion to dismiss the Second Amended Complaint and set it for hearing on April 7, 2026 before the undersigned. (ECF No. 42.) On March 17, 2026, Defendants filed a notice that Plaintiff had failed to timely file an opposition to the motion to dismiss. (ECF No. 43.) That same day, Plaintiff filed a late opposition. Pl. Opp'n (ECF No. 44). Defendants replied to the opposition on March 27, 2026. Def. Reply (ECF No. 45). The Court then took the motion to dismiss under submission and vacated the April 7, 2026 hearing. 3/30/2026 Minute Order (ECF No. 46).

## II.   LEGAL STANDARDS

### A.   Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or

4

unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B.       Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual

allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### III.    DISCUSSION

Defendants Sheriff Justin Gibbs and Glenn County Sheriff's Department move to dismiss the entire SAC for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 8 and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Mot. (ECF No. 42-1.) Prior to addressing Defendants' motion to dismiss, the Court first addresses Plaintiff's late opposition.

### A.    Plaintiff's Late Opposition

Defendants' motion to dismiss the SAC was filed on February 26, 2026. *See* Def. Mot. Thus, pursuant to the Local Rules, Plaintiff's opposition was due on March 12, 2026. *See* E.D. Cal. Local Rule 230(c). Plaintiff filed his opposition to the motion on March 17, 2026. *See* Pl. Opp'n. Defendants argue on reply that because Plaintiff's opposition is untimely, the opposition should be struck. Def. Reply at 2. The Court notes that this is not the first time this has occurred. 10/14/2025 Order and Findings and Recommendations at 5. In addition, the Court granted Plaintiff e-service of filings such that Plaintiff receives filings electronically through CM/ECF simultaneous with their filing. (ECF No. 25.) Despite this, the Court declines Defendants' request to strike Plaintiff's opposition given Plaintiff's pro se status and where Defendants were able to respond to Plaintiff's late opposition and are therefore not prejudiced.

### B.    Motion to Dismiss

Defendants move to dismiss the SAC for (1) failure to present a short and plain statement of Plaintiff's claims pursuant to Rule 8(a)(2), and (2) failure to allege sufficient facts to support a claim pursuant to Rule 12(b)(6). Def. Mot. at 4-5, 5-8. Defendants argue that the SAC does not comply with Rule 8 because it fails to identify who are the defendant parties and does not clearly indicate what, if any other, causes of action

6

Plaintiff asserts apart from a Section 1983 claim based solely on a *Monell* theory. *Id.* at 1, 5. Defendants argue that, even if the SAC satisfies Rule 8, it should be dismissed pursuant to Rule 12(b)(6) because:  (1) any claims against Defendant Gibbs in his official capacity must be dismissed as duplicative of Plaintiff's *Monell* claim; (2) any claims against Defendant Gibbs in his individual capacity are based on conclusory, speculative allegations; and (3) the claim based on *Monell* liability fails to allege facts to identify or support an unconstitutional custom, policy, or practice by Defendants. *Id.* at 5-8.

1.    Rule 8 Pleading Requirements

Plaintiff's SAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8 because the SAC fails to allege, with at least some degree of particularity, overt acts by specific defendants which support Plaintiff's claims. *See Kimes*, 84 F.3d at 1129.

As an initial problem, Plaintiff has not adequately identified the defendants to the SAC. The caption page provides "Cheif [sic] Justin Gibbs [line break] Glenn County Sheriff Officer Doe" as the Defendants, but nowhere in the SAC does Plaintiff clarify whether he is suing one defendant (Defendant Gibbs), two (Defendants Gibbs and Glenn County Sheriff's Department), or three or more defendants, including Doe defendants. *See* SAC at 1. Under the "Cause of Action" heading, the SAC appears to allege a Section 1983 claim based on *Monell* liability, but there it names "[t]he County of Glenn" rather than the Glenn County Sheriff's Department, which was named in the FAC. *Id.* at 4 ¶ 7. Under the "Prayer for Relief" heading, the SAC refers to "Defendants," "the Glenn County Sheriff's Office," and "County of Glenn." *Id.* at 7:15-28, 8. Thus, because the defendants to the SAC are not clearly identified, the SAC fails to satisfy the requirements of Rule 8.

Further, nowhere in the SAC does Plaintiff clearly identify (apart from the *Monell* claim) what other claim(s), if any, Plaintiff brings, what defendants against whom Plaintiff seeks to bring such claim(s), and on what theory of liability. "[C]ourts have routinely granted motions to dismiss" where defendants "lack notice as to which theory of liability

7

Plaintiffs are advancing against which of them and cannot make informed responses as to Plaintiffs' allegations." *Taylor v. City of Torrance*, 2025 WL 4059416, at *3 (C.D. Cal. Oct. 8, 2025). Plaintiff's opposition fails to address these omissions. *See* Pl. Opp'n at 3-4. As the Court earlier cautioned Plaintiff, the SAC must not require the Court and defendants to guess at what is being alleged against whom. *See* 10/14/2025 Order and Findings and Recommendations at 10; *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

Accordingly, because the SAC fails to comply with Rule 8 in providing notice to Defendants of what claims are being brought against them, the Court recommends the SAC be dismissed.

2.      *Monell* Claim

Defendants argue that any claim against the Glenn County Sheriff's Department based on *Monell* liability fails because the SAC does not allege facts to identify or support an unconstitutional custom, policy, or practice by Defendants. Def. Mot. at 5-8.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

*See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the SAC fails to state a Section 1983 claim under a *Monell* theory of liability. Plaintiff alleges his constitutional deprivations were "part of an established custom, policy, and failure of training and supervision within the Glenn County Sheriff's Office to engage in unlawful detentions, use intimidation tactics, and disregard constitutional rights." SAC at 3 ¶ 12. Plaintiff alleges that "Chief Gibbs and other supervisory officials within the Glenn County Sheriff's Office acted . . . within the scope of their employment as policymakers and decision-makers for the County." *Id.* at 4 ¶ 2. Plaintiff also alleges

that "Chief Gibbs, acting in a supervisory and decision-making capacity, personally directed and oversaw deputies who conducted the unlawful stop, the search, and the confinement." *Id.* at 6:11-12. Plaintiff further alleges "the policies, customs, and decisions made and carried out during [Plaintiff's] arrest and detention were the direct and moving force behind the violations of his constitutional rights." *Id.* at 4 ¶ 3. Plaintiff pleads minimal allegations and fails to sufficiently state a *Monell* claim. As they relate to the "execution of a government's policy or custom" to deprive constitutional rights, the allegations are conclusory. *Monell*, 436 U.S. at 694. In his opposition, Plaintiff asserts that "[a]t the pleading stage, a plaintiff is not required to prove the existence of a policy or custom." To the extent Plaintiff means he does not have to allege non-conclusory facts about a municipal entity's policy to succeed on a *Monell* claim, Plaintiff is wrong. *See A. E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (clarifying that *Monell* claims may not be pleaded with conclusory allegations reciting elements of cause of action). Thus, the Court recommends that Plaintiff's *Monell* claims against Defendant Glenn County Sheriff's Department be dismissed.

3.    Claims Against Defendant Gibbs

Plaintiff alleges Defendant Gibbs was present when Plaintiff was pulled over and that Defendant Gibbs shouted, "When are you going to get enough of this woman? Thirty years you've been putting up with this woman!" SAC at 3 ¶ 4. Plaintiff also alleges that Defendant Gibbs supervised the actions depriving Plaintiff of his constitutional rights; that Plaintiff's arrest records were modified, "indicating possible coordination among supervisory personnel—including Chief Gibbs"; and that Defendant Gibbs's "verbal remarks during the encounter show active participation and bias." *Id.* at 4 ¶ 7, 5:3-6, 6:11-15. In their motion to dismiss, Defendants argue that to the extent Plaintiff brings claims against Defendant Gibbs, Plaintiff fails to allege sufficient facts to state a claim because (1) claims against Defendant Gibbs in his official capacity must be dismissed as duplicative of Plaintiff's *Monell* claim; and (2) any Section 1983 claims against Defendant Gibbs in his individual capacity are conclusorily alleged. Def. Mot. at

5-7. The Court agrees.

As a threshold matter, the SAC does not indicate whether Plaintiff seeks to bring Section 1983 claims against Gibbs in his individual or official capacity, or whether those allegations are intended to support only Plaintiff's *Monell* claim. The Court considers both possibilities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985). If an individual is sued in his official capacity as a municipal official and the municipal entity is also sued, the claims against the individuals are duplicative and should be dismissed. *Coronado v. City of Fresno*, 2025 WL 3004080, at *4 (E.D. Cal. Oct. 27, 2025) (dismissing official-capacity claims as duplicative of municipal-liability claims); *Myrtle St. Flats LLC v. City of Vallejo*, 2017 WL 5754891, at *5 (E.D. Cal. Nov. 28, 2017) (same).

Here, a Section 1983 claim against Defendant Gibbs in his official capacity is effectively a Section 1983 claim against Defendant Glenn County Sheriff's Department. *See Coronado*, 2025 WL 3004080, at *4. Because Plaintiff also brings claims against the municipal entity (the Glenn County Sheriff's Department), Plaintiff's claims against Defendant Gibbs should be dismissed as duplicative to the extent they are brought against Defendant Gibbs in his official capacity. *See id.*; *Myrtle St. Flats LLC*, 2017 WL 5754891, at *5.

Even assuming that Plaintiff seeks to bring claims against Defendant Gibbs in his individual capacity, the SAC fails to allege facts sufficient to state a claim. Individual defendants may be held independently liable as supervisors under 42 U.S.C. § 1983 if there exists either "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hanson v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "[A]n officer 'must be more than a mere bystander' to be liable under § 1983." *Taylor*, 2025 WL 4059416, at *3 (quoting *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir.

11

2020)). Courts in the Ninth Circuit have dismissed supervisory liability claims against police department chiefs where the pleadings were conclusory and there were no factual allegations to support a causal connection between the chief's conduct and the unconstitutional actions allegedly committed by subordinate officers. *See Sterling*, 2023 WL 2600454, at *6; *Mitchell v. County of Contra Costa*, 2022 WL 526161, at *7 (N.D. Cal. Feb. 22, 2022) (finding that pleadings that only state that the supervisor "directed his or her subordinates in conduct that violated Plaintiff's rights," "set in motion a series of acts and omissions by his or her subordinates," "failed to act to prevent his or her subordinate from engaging in conduct," and "disregarded the consequence of a known or obvious training deficiency" were conclusory and contained no factual allegations to support supervisory liability); *Arteaga v. City of Oakley*, 2020 WL 511876, at *7 (N.D. Cal. Jan. 31, 2020) (dismissing a claim for supervisory liability on similarly pleaded allegations).

Here, Plaintiff's SAC falls short in similar ways. The SAC's allegations do not sufficiently allege that Defendant Gibbs personally participated in constitutional violations against Plaintiff or that Defendant Gibbs's conduct had a causal connection to unconstitutional actions allegedly committed by subordinate officers. However, Plaintiff's opposition alleges for the first time that when Plaintiff was stopped, Defendant Gibbs "announced that Plaintiff was under arrest for domestic violence." Pl. Opp'n at 5. This allegation is unavailing. On a motion to dismiss under Rule 12(b)(6), "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). The Court disregards Plaintiff's allegations raised for the first time in his opposition. However, even if the Court were to consider this allegation, Plaintiff has not sufficiently pleaded Defendant Gibbs's personal participation in an unlawful arrest with factual allegations that would indicate a lack of probable cause. *See Graves v. Fresno Cnty. Mental Health*, 2019 WL 2125457 (E.D. Cal. May 15, 2019) (holding that general allegations of lack of probable cause for

arrest are insufficient to state claim under Section 1983).

Accordingly, Plaintiff has failed to plead liability against Defendant Gibbs in his individual capacity. The Court therefore recommends dismissal of any claims Plaintiff brings against Defendant Gibbs.

**C.      Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato*, 70 F.3d at 1106 ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff has amended his complaint twice. (*See* ECF Nos. 17, 30.) The Court also provided Plaintiff a detailed explanation of the deficiencies in his First Amended Complaint. See 10/14/2025 Order and Findings and Recommendations. Despite this, Plaintiff has been unable to cure the deficiencies and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The SAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

**IV.     CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1.      Defendants' motion to dismiss (ECF No. 42) be GRANTED;

2.      Plaintiff's Second Amended Complaint (ECF No. 30) be DISMISSED

without leave to amend; and

3.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 12, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, pyle.2940.24.mtd